## 10192.   THOMPSON *v.* THE STATE.

The evidence being insufficient to support the verdict, it is contrary to law, and the court below erred in overruling the motion for a new trial.

DECIDED JANUARY 9, 1919.

Indictment for larceny after trust; from Whitfield superior court—Judge Tarver.   June 29, 1918.

*W. E. Mann, W. Gordon Mann,* for plaintiff in error.

*Joseph M. Lang, solicitor-general,* contra.

STEPHENS, J.   The plaintiff in error, Thompson, was indicted in Whitfield superior court for the offense of larceny after trust. The indictment alleged that the defendant, Thompson, was entrusted by C. L. King with certain merchandise described in the indictment, "for the purpose of selling said merchandise," the proceeds of said sale to be paid over to C. L. King, the owner thereof, and that the said Thompson did then and there wrongfully and fraudulently convert said merchandise to his own use, and did appropriate the proceeds of said merchandise to his own use without the consent of said C. L. King, etc.   The evidence upon which the conviction was obtained was as follows:   The sole witness for the State, C. L. King, the prosecutor, testified that Charley Thompson, the defendant, "bought" a bill of goods from

him, to the amount of $39.28, and was "to pay" for them "some every week;" that the defendant made three or four payments of five or six dollars each, as shown by certain bills exhibited to the witness, and that the defendant was to sell the goods for whatever he could make on them after paying the prosecutor the cost. The State introduced certain bills or statements showing an account between the prosecutor and the defendant, running for several months, some of them marked paid and some bearing credits by the payment of money. The defendant made a statement in which he stated that he operated a store and had been trading with, and buying goods from, the prosecutor for a number of years, on a running account, and was to pay the prosecutor for the goods as much as he could every two weeks. This he did until he became financially embarrassed. The evidence for the State and the statement of the defendant are in perfect harmony. It is undisputedly shown that a running account had existed between the prosecutor and the defendant for some time, and that the defendant, along at different times, made payments on this account. The evidence utterly fails to make out a case of larceny after trust, and this court will not allow a conviction upon such evidence to stand.

*Judgment reversed. Broyles, P. J., and Bloodworth, J., concur.*